COMMONWEALTH *vs.* DOMINICK MORAN.

Norfolk. January 25. — 29, 1881. LORD, J., absent.

If a venire is under the seal of the court, and directs the drawing, selecting and summoning of a grand juror from a particular town, and the return upon the venire is signed by a constable of the town, and shows that the person named in the return was so drawn and selected and was summoned to attend at the time specified in the venire, and such person attends and serves as a grand juror, and there is no question of his identity and qualifications in point of fact, neither an inconsistency in the description in the return of the time for which he was summoned, nor the want of an indorsement of his name by the town clerk, nor the omission of the name of the town in the address of the venire, nor the absence of a statement of his qualifications in the venire and return, affects the validity of an indictment found by the grand jury on which he serves.

At the trial of a criminal case, the legal competency of the defendant as a witness is not affected by the fact that he does not offer himself as such.

INDICTMENT for larceny, returned at April term 1880 of the Superior Court for the County of Norfolk.

The defendant, before pleading the general issue, filed this special plea: "And the said Dominick Moran, in his own proper person, comes into court here, and, having heard the said indictment read, saith that this court ought not to take cognizance of the said supposed offence in said indictment set forth, because, protesting that he is not guilty of the same, nevertheless the said Dominick Moran saith that said indictment was found and returned at the present term of said court by persons acting as a

grand jury, which said persons did not constitute a legal grand jury; that said persons were not legally drawn, selected, qualified, summoned, notified and returned into said court, and did not constitute a legal grand jury. And especially he saith that Daniel J. Goss, a person who acted and served as one of the grand jurors finding said indictment, was not duly and legally drawn, selected, summoned and notified to appear and serve as one of said grand jurors; that George A. Reynolds also acted and served as one of said grand jurors finding said indictment, but that he was not duly and legally drawn, summoned, notified and returned; that the venire on which he was supposed to have been drawn and selected, summoned, notified and returned, was not directed to any or either of the constables of any town or city in said county; and no authority was given therein or thereby to any person to draw, select, summon, notify or return said George A. Reynolds as one of said grand jurors; that the service of said George A. Reynolds and said Daniel J. Goss on said grand jury rendered said indictment, found as aforesaid, null and void, and the finding of said indictment illegal. And this the said Dominick Moran is ready to verify. Wherefore he prays judgment if this court now here will or ought to take cognizance of said indictment."

To this plea, the Commonwealth filed this replication: "And hereupon Asa French, the District Attorney for the Southeastern District, who prosecutes for the Commonwealth in this behalf, says, that notwithstanding anything by the said Dominick Moran in pleading alleged, this court ought not to be precluded from taking cognizance of the indictment aforesaid, because he says that the grand jurors from the towns of Randolph and Hyde Park, viz. George A. Reynolds and Daniel J. Goss, as to whom specific objection is taken in said defendant's plea, were duly and legally drawn, summoned, notified and returned as grand jurors, and presented themselves on the first day of the term of this court at the April term thereof in the present year, and were then duly sworn and empanelled, and that said grand jury was in all respects a legal grand jury. And this the said Asa French is ready to verify. Wherefore he prays judgment, and that the said Dominick Moran may answer to this said indictment."

Issue being duly joined on the special plea in the Superior Court, before *Colburn,* J., the defendant put in evidence the record of the court, showing that Daniel J. Goss, George A. Reynolds, and twenty other persons named, were empanelled and sworn as grand jurors; and the venires and returns relating to Goss and Reynolds.

One of the venires was addressed " to either of the constables of Hyde Park in our county of Norfolk," and commanded him to notify and warn a meeting in that town for the drawing and selection of a grand juror, and to summon the person drawn and selected to attend on April 5, 1880; and a constable of Hyde Park returned thereon that he had notified and warned such a meeting, that " Daniel J. Goss of said Hyde Park was drafted and selected accordingly," and that he had summoned him to attend " at the time within specified, viz. the twelfth day of April, A. D. 1880." The defendant objected, 1st. that Goss appeared by the return to have been summoned to attend on April 12, instead of on April 5, as directed by the venire; 2d. that the indorsement of the name of Goss in the return was not in the handwriting of the town clerk; and he offered evidence of this fact, which the judge excluded as immaterial.

The other venire was addressed " to either of the constables of the town of            in our county of Norfolk," and contained a command to notify and warn a meeting in the town of Randolph for the drawing and selection of a grand juror; and a constable of Randolph returned thereon that he had notified and warned such a meeting, and that " George A. Reynolds was drafted and selected accordingly." The defendant objected, 1st. that the venire was not directed to any or either of the constables of Randolph; and 2d. that the qualification of the juror was not inserted in the venire or return.

The judge found and ordered judgment for the Commonwealth on the issue joined on the special plea, the defendant excepting.

The defendant then pleaded not guilty, and was tried on this plea. He was not sworn and did not testify at the trial, but, after the evidence on both sides had been put in and the case closed, asked the judge to rule that under the circumstances of the case he was not a competent witness. The judge refused so

to rule, and instructed the jury that "the defendant was a competent witness if he saw fit to testify, but that he was under no obligation to testify, and, if he did not testify, the jury could infer nothing against him from that fact, but should treat the case in all respects as if he had no right to testify."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant, as to the special plea, cited *Bassett* v. *Howorth*, 104 Mass. 224; *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 63; *Hearsey* v. *Bradbury*, 9 Mass. 95; *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316; *State* v. *Flemming*, 66 Maine, 142; *People* v. *M'Kay*, 18 Johns. 212; *Chase* v. *State*, Spencer, 218, 221; *Nicholls* v. *State*, 2 South. 539; Gen. Sts. *c.* 132, §§ 20, 32.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. Each of the venires is under the seal of the court, and directs the drawing, selecting and summoning of a grand juror from a particular town. The return upon each venire is signed by a constable of the town, and shows that the person named in the return was so drawn and selected, and was summoned to attend at the time specified in the venire. Each of these persons attended and served as a grand juror, and there is no question of his identity or of his qualifications in point of fact. Under these circumstances, neither the inconsistency in the description in the return of the time for which he was summoned, nor the want of an indorsement of his name by the town clerk, nor the omission of the name of the town in the address of the venire, nor the absence of a statement of his qualifications in the venire and return, affects the validity of the indictment. *Commonwealth* v. *Parker*, 2 Pick. 550.

The legal competency of the defendant as a witness was not affected by the fact that he did not offer himself as such. The instructions on this point were in exact accordance with the statute. St. 1870, *c.* 393, § 1, *cl.* 3.          *Exceptions overruled.*