## COMMONWEALTH *vs.* SAMUEL F. BESSE.

Plymouth.   Oct. 19. — Nov. 24, 1886.   DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 170, § 22, it is not necessary that the town clerk or select-
men of a town should indorse upon a venire for jurors the names of the persons
. who are drawn.

INDICTMENT for the murder of Richard N. Lawton.   Trial
before *Morton,* C. J., and *Holmes,* J., who allowed a bill of ex-
ceptions, in substance as follows :

After the drawing by the clerk of the court of the names of
certain persons named, and before such persons were sworn, and
before the jury were empanelled, the defendant's counsel chal-
lenged each of said persons; and alleged as a cause of challenge,
that each of said persons was not a legal juror, was not legally
drawn, and was not competent to serve, for the following rea-
sons : " 1. Because it does not appear from any venire served
for drawing and summoning jurors, that either or any of the
persons above named were drawn by a selectman of the town
in which he resides, in accordance with the provisions of the
statute.   2. Because no indorsement or return is made upon any
venire by any person having authority under the statute to
make such indorsement or return, that either of said persons
named was legally drawn to serve as traverse juror in this case,
or at this sitting of the court.   3. Because the statute requires
that jurors shall be selected by drawing ballots from the jury
box; that this drawing of ballots shall be done openly in the
presence of the selectmen by one of their number; that the
names of the persons borne on the ballots so drawn should be
indorsed on the venire under which the drawing takes place;
that there is no return, indorsement, or certificate made by any
person authorized thereto, or other competent evidence upon
any venire returned, of the fact that the name of either of said
persons above named was selected or drawn in the manner or
by the person authorized by statute to make such selection or
drawing."

The defendant, before either of said persons named was
sworn, presented to the court the venire upon which each of

said persons was summoned to attend court, as evidence of the causes of challenge alleged. No other evidence was offered by the defendant, and it was not disputed that the jurors in fact were properly drawn. Copies of the venires and of the officers' returns thereon were annexed to the bill of exceptions. They were similar to those printed in the margin.*

---

\* COMMONWEALTH OF MASSACHUSETTS.

Plymouth, ss.

[Seal.]     To either of the Constables of the Town of Duxbury in our said county,     Greeting:

We command you that without delay you make known unto the selectmen and town clerk of said Duxbury and them warn to assemble at the town clerk's office, or at some other public place appointed for the purpose in said town, there by you made known, and be present at the draft and selection of one person qualified to serve as juror, of good moral character, of sound judgment, and free from all legal exceptions, to serve as traverse juror, at our Supreme Judicial Court, to be holden at Plymouth, within and for our county of Plymouth, on the third Tuesday of May next. And you will take care that the meeting for the draft of such juror be held not less than seven days, and not more than twenty-one days, before the day when they are required to attend.

We also command you, that four days, at least, before the day when they are required to attend, you summon the person so drawn and selected, to attend at our said court, on Tuesday the eighteenth day of said May at 11 of the clock in the forenoon.

Hereof fail not, and make due return of this venire, with your doings herein, to the clerk's office, four days before the opening of said court.

Witness, Marcus Morton, Esquire, at Plymouth, the twenty-fourth day of April in the year of our Lord one thousand eight hundred and eighty-six.

Wm. H. Whitman, Clerk.

Plymouth, ss.     Duxbury, April 28, 1886.

In obedience to this venire, I have this day served the same upon the selectmen and town clerk of said town, and on the twenty-eighth day of April, 1886, Robert T. Randall was openly drawn by one of the selectmen from the jury box, to serve as traverse juror at the said court; and on the twenty-ninth day of April, 1886, I summoned said person to attend said court, by reading to him this venire, with the indorsement thereon of his having been drawn, (or by leaving at his place of abode a written notification of) his having been drawn traverse juror as aforesaid, and of the time and place of the sitting of the said court and the time when he will be required to attend; and now make return of this venire.

Wm. J. Alden,
Constable of the town of Duxbury.

The court refused to allow each of said persons to be set aside for the causes assigned; ruled that, as it was not contended that the truth of the officers' returns could be controlled, there was sufficient evidence that each person was legally drawn, returned, and summoned; and, against the objection of the defendant, permitted each of said persons to be sworn as jurors. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Kingman & J. C. Sullivan*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

C. ALLEN, J. The argument for the prisoner rests chiefly on the ground that the Pub. Sts. *c.* 170, § 22, prescribing the manner of summoning a juror, " by reading to him the venire with the indorsement thereon of his having been drawn, or by leaving at his place of abode a written notification of his having been drawn," &c., contemplate an indorsement by the town clerk or selectmen of the fact that certain persons have been duly drawn, and that, without such indorsement, the constable has no proper means of knowing the fact, since the law does not require his presence at the drawing.

This particular alternative method of making service was first enacted in the St. of 1784, *c.* 7, § 5. An examination of the statutes upon the subject from 1692 to the present time shows that there has never been any express requirement that the town clerk or selectmen should certify in writing who were chosen as jurors by the freeholders, as was the custom before 1736, or drawn from the jury box by themselves, as has been the law since that date, or even that the constable should be present when jurors were so chosen or drawn; there has never been any express provision showing how the constable should ascertain what persons were chosen or drawn as jurors; but the constable has always been required, in general terms, to summon the persons chosen or drawn as jurors, and to make return of the venire. See Prov. Sts. 1692-3 (4 W. & M.) *c.* 33, § 11; 1 Prov. Laws (State ed.) 74; 1694-5 (7 W. & M.) *c.* 24, § 1; 1 Prov. Laws (State ed.) 193; 1697 (9 W. III.) *c.* 9, § 10; 1 Prov. Laws (State ed.) 286; 1699-1700, (11 W. III.) *c.* 1, § 4; *c.* 2, § 3; *c.* 3, § 5; 1 Prov. Laws (State ed) 368, 369, 371; 1736-7 (11 Geo. II.) *c.* 10, §§ 1, 2; 2 Prov. Laws (State ed.) 828, 829;

1741–2 ('15 Geo. II.) *c.* 18, §§ 2–5 ; 2 Prov. Laws (State ed.) 1090, 1091 ; 1749–50 (23 Geo. II.) *c.* 5, §§ 2–5 ; 3 Prov. Laws (State ed.) 474, 475 ; 1756–7 (30 Geo. II.) *c.* 13, §§ 2–5 ; 3 Prov. Laws (State ed.) 995 ; 1759–60 (33 Geo. II.) *c.* 29, §§ 2–5 ; 4 Prov. Laws (State ed.) 318, 319 ; Sts. 1784, *c.* 7, §§ 4, 5 ; 1807, *c.* 140 ; Rev. Sts. *c.* 95, §§ 13, 17 ; Gen. Sts. *c.* 132, § 20 ; Pub. Sts. *c.* 170, § 22.

We have also looked at a number of original venires in different years, both before and after 1784, in two different counties, and upon the venires so examined the constables usually made a direct return that certain persons named were drawn as jurors ; though in some instances an indorsement of the drawing was made upon the venire by the town clerk. As early as 1804, and perhaps earlier, there was a printed form of return upon venires in Suffolk county, in which the constable stated who were drawn. Such also is the form of return given in Goodwin's Town Officer, (ed. of 1829,) 331, 332, and in the New England Sheriff, (2d ed., 1855,) 405.

In the present case, the return was in this respect in the usual form, and it was not disputed that the jurors in fact were properly drawn ; and the objection rests solely on the ground that the drawing was not certified upon the venire by the town clerk or selectmen. This was not necessary. If the jurors were to be summoned by reading to them the venires with the indorsement thereon of their having been drawn, such indorsement might be made by the constable.

The result is that the exceptions are overruled. See *Commonwealth* v. *Moran*, 130 Mass. 281, 284.

*Exceptions overruled.*